Ivy T. Ngo (SBN 249860)
ingo@rcfllp.com
Katherine Eskovitz (SBN 255105)
keskovitz@rcfllp.com
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue Suite 1910
New York, NY 10016
Telephone: (646) 350-0527
Facsimile: (646) 392-8842

*Interim Co-Lead Counsel for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FIRST AMERICAN FINANCIAL CORPORATION CASES | Case Nos. 8:19-cv-01105, 8:19-cv-01180, 8:19-cv-01305, 8:19-cv-01533<br><br>Hon. Dale S. Fischer<br><br>**ROCHE CYRULNIK FREEDMAN LLP'S RESPONSE TO THE ORDER TO SHOW CAUSE RE ADEQUACY OF COUNSEL** |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g) and this Court's Order that Roche Cyrulnik Freedman LLP ("RCF") Respond to the Order to Show Cause Re Adequacy of Counsel ("RCF Order") (Dkt. No. 56), Katherine Eskovitz, a founding partner of RCF, respectfully submits this Response.

The Court appointed Ivy T. Ngo as interim co-lead counsel for Plaintiffs and the punitive class in this case prior to her joining RCF as of counsel on May 22, 2020. RCF, a national law firm founded in 2020, has the resources to efficiently litigate and successfully try this case. In addition to her own extensive knowledge and experience, Ms. Ngo intends to draw on that of partners and counsel at RCF who have significant class action, business and commercial litigation and trial experience, as needed, including but not limited to, Ms. Eskovitz, Edward Normand, Devin "Velvel" Freedman, Amos Friedland, and Constantine Economides. Their biographies and those of the other members of RCF are set forth in the attached Firm Resume (Exhibit 1). Specifically, Ms. Ngo plans to lean on Ms. Eskovitz's extensive trial experience spanning over two decades to ensure this case will be ready for trial and Ms. Eskovitz is prepared to and welcomes the opportunity to try this matter with Ms. Ngo.

Thus, the Court should find that it is in the best interest of the punitive class for Ms. Ngo to continue as interim co-lead counsel, supported by RCF's ability and commitment to obtaining relief for all the consumers impacted by the data breach alleged in this case.

## II. GOVERNING STANDARD

Rule 23(g)(3) permits the Court to designate interim counsel to act on behalf of a punitive class before determining whether to certify the action as a class. In deciding who is best suited to represent the punitive class at this stage of the litigation, the key factors for the Court to consider are: (1) the work proposed interim counsel has performed in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in

the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In providing information responsive to Rule 23(g), the Court requested that counsel, among other things, answer 12 specific questions. (Dkt. No. 23 ("OSC Order"); RCF Order at 2-4).

### III. MS. NGO SHOULD CONTINUE AS INTERIM CO-LEAD WITH THE ADEQUATE SUPPORT OF RCF

#### A. MS. NGO THOROUGHLY INVESTIGATED AND PREPARED THE CLAIMS BROUGHT, AND CONTINUES TO PURSUE THE BEST POSSIBLE OUTCOME FOR THE PUNITIVE CLASS

While no one factor under Rule 23(g)(1) "should necessarily be determinative," Advisory Committee Note (2003), the investigative and analytical efforts of counsel can be a deciding factor: "All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks." Moore's Federal Practice, § 23.120(3)(a) (3d. ed. 2007).

Ms. Ngo conducted a thorough investigation into First American Financial Corporation and First American Title Company's (collectively "Defendants" or "First American") publication of 885 million documents on First American's web-based document delivery system, exposing Plaintiffs' and the proposed class members' valuable and sensitive personally identifiable information ("PII") to unauthorized users (the "Data Breach"). Ms. Ngo's investigative efforts led to the filing of *Forney et al. v. First American Financial Corporation et al.*, No. 2:19-cv-05135 (C.D. Cal.), as previously noted in her Response to Show Cause Re Adequacy of Counsel (*Forney* Dkt. No. 25) and considered by the Court in appointing her as interim co-lead counsel (Dkt. No. 34).

Moreover, as a result of her efforts to date, Ms. Ngo has a deep understanding of the factual circumstance surrounding the Data Breach as well as the strengths and weaknesses of the claims and issues in the case. The work she has done to advance the litigation thus far, including, *inter alia*, amending the complaint and opposing defendants' motions to compel arbitration and to dismiss for failure to join an indispensable party, support her adequacy to represent the punitive class because such efforts demonstrate that a high standard of professionalism, dedication and thoroughness has been utilized in litigating this case. These measures are precisely the type of work the Court should consider in evaluating the adequacy of interim class counsel. *See* Advisory Committee Notes to Rule 23.

### B. MS. NGO HAS RELEVANT EXPERIENCE

Ms. Ngo has extensive knowledge and experience prosecuting complex class action cases, as described in the Firm Resume. (*See* Ex. 1 at 28). Ms. Ngo spent the first ten years of her career prosecuting securities fraud class actions resulting in hundreds of millions of dollars in recoveries for injured investors:

| Case Name | Docket | Court | Recovery |
|---|---|---|---|
| *In re Cardinal Health, Inc. Sec. Litig.* | C2-04-575 | S.D. Ohio | $600 million |
| *Jones v. Pfizer Inc.* | 1:10-cv-03864 | SDNY | $400 million |
| *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., et al.* | 1:09-cv-0371 | SDNY | $388 million |
| *In re HealthSouth Corp. Sec. Litig.* | CV-03-BE-1501-S | N.D. Alabama | $209 million |
| *Silverman v. Motorola, Inc.* | 07-cv-4507 | N.D. Illinois | $200 million |
| *In re MGM Mirage Sec. Litig.* | 2:09-cv-01558 | D. Nevada | $75 million |
| *Massachusetts Bricklayers and Masons Trust Funds et al v. Deutsche Alt-A Securities Inc. et al.* | 2:08-cv-03178 | SDNY | $32.5 million |
| *City of Ann Arbor Employees' Retirement System et al. v. Citigroup Mortgage Loan Trust Inc. et al.* | 2:08-cv-01418 | SDNY | $25 million |

| | | | |
|---|---|---|---|
| *In re Genworth Financial, Inc. Sec. Litig.* | 1:14-cv-02392 | SDNY | $20 million |
| *Shankar v. Imperva, Inc.* | 14-cv-1680 | N.D. Cal. | $19 million |

Ms. Ngo was a member of class counsel that certified classes in:

1. *Silverman v. Motorola, Inc.,* No. 07-cv-4507, 259 F.R.D. 163 (N.D. Illinois 2009);

2. *Mary K. Jones v. Pfizer Inc., et al.,* No. 1:10-cv-03864-AKH, (S.D.N.Y. March 29, 2012);

3. *In re Genworth Financial, Inc. Securities Litigation*, Master File No. 1:14-cv-02392-AKH, Doc. 118 (S.D.N.Y. March 7, 2014); and

4. *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.,* No. 1:09-cv-0371-JPO, 301 F.R.D. 116 (S.D.N.Y. September 2014).

Ms. Ngo's specific experience in data breach and consumer privacy litigation further supports her adequacy to represent the punitive class here. Ms. Ngo gained such experience by participating in the prosecution of the following class actions:

1. *Lundy et al. v. Facebook, Inc. et al.*, No. 4:18-cv-06793 YGR, (N.D. Cal.): Ms. Ngo is counsel for plaintiff Myriah Watkins in this ongoing privacy case which has not yet reached class certification.

2. *In re Google Plus Profile Litigation*, No. 5:18-cv-06164 EJD (VKD), (N.D. Cal.): Ms. Ngo was previously appointed co-lead counsel. On May 21, 2020, the court preliminarily approved the parties' $7.5 million settlement to resolve the proposed data breach class action.

3. *Adkins v. Facebook, Inc.*, No. 3:18-cv-05982-WHA (N.D. Cal.): Ms. Ngo was previously appointed to the Investigation Committee for this data breach class action. The court certified the class on November 27, 2019, and stayed all proceedings pending settlement approval on February 11, 2020.

4. *In re: Google Location History Litigation*, No. 5:18-cv-05062 EJD, (N.D. Cal.): Ms. Ngo was previously appointed interim class counsel in this privacy

class action which is currently on appeal. No motion to certify the class has been filed.

5. *Huynh v. Quora, Inc.*, No. 5:18-cv-07597 BLF, (N.D. Cal.): Ms. Ngo previously represented plaintiffs in this ongoing data breach case which has not reached class certification.

### C. MS. NGO HAS KNOWLEDGE OF THE APPLICABLE LAW

Ms. Ngo is familiar with the applicable law from her investigation and continued litigation of this case, as well as her knowledge from, and experience in, other data breach and privacy cases as described above.

### D. RCF HAS RELEVANT CLASS ACTION EXPERIENCE

RCF's legal team has broad experience in complex and class action cases nationwide, including securities, antitrust and consumer cases across a variety of different industries. (*See* Ex. 1). Drawing on that experience, RCF's attorneys are able to offer strategic insight into procedural and substantive nuances of complex class action cases like this one. Currently, RCF is counsel or co-counsel in 14 other class actions involving cryptocurrency and securities fraud.

Specifically, RCF was appointed interim co-lead in the securities fraud class action, *Lowry v. RTI Surgical Holdings, Inc. et al.*, No. 1:20-cv-01939 (N.D. Illinois). RCF has also been appointed interim co-lead counsel in the cryptocurrency class action, *Leibowitz et al. v. iFinex Inc. et al.,* No. 1:19-cv-09236 (S.D.N.Y.), and is considered presumptive interim co-lead counsel in the following cryptocurrency cases:

1. *Lee et al. v. Binance et al.,* No. 1:20-cv-02803 (SDNY);
2. *Clifford et al. v. Tron Foundation et al.,* No. 1:20-cv-02804 (SDNY);
3. *Zhang et al. v. HDR Global Trading Limited et al.,* No. 1:20-cv-02805 (SDNY);
4. *Williams v. Kucoin et al.,* No. 1:20-cv-02806 (SDNY);
5. *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (SDNY);
6. *Zhang v. Bprotocol Foundation et al.,* No. 1:20-cv-02810 (SDNY);

7. *Zhang v. Civic Technologies, Inc. et al.,* No. 1:20-cv-02811 (SDNY);

8. *Clifford v. KayDex Pte. Ltd. et al.,* No. 1:20-cv-02812 (SDNY);

9. *Williams v. Quantstamp, Inc.,* No. 1:20-cv-02813 (SDNY);

10. *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (SDNY); and

11. *Messieh et al. v. HDR Global Trading Limited et al.,* No. 1:20-cv-03232 (SDNY).

Further, RCF moved for co-lead in the cryptocurrency class action, *Williams et al. v. Block.One et al.,* No. 1:20-cv-02809 (SDNY) and filed an opposition to the only other motion for lead in the case on June 23, 2020.

Although RCF has not yet had a case reach the class certification stage, individual attorneys at RCF have successfully certified classes at their former firms, including Ms. Ngo, as detailed above, Constantine Economides, and Amos Friedland.

Prior to joining RCF, Mr. Economides worked with a large national firm in New York and Florida litigating numerous securities, international and class action cases. Specifically, Mr. Economides gained relevant class action experience as a member of class counsel for the following cases:

1. *Morgan v. Public Storage*, No. 14-cv-21559 (S.D. Fla.) (obtained class certification and reached class settlement on behalf of consumers alleging violations of FDUTPA and breach of contract); and

2. *In re ADT Inc. Shareholder Litigation*, No. 50-2018-CA-003494 (15th Jud. Cir., Fla.) (reached class settlement on behalf of investors alleging violations of the Securities Act).

Mr. Friedland has focused his career on complex litigation, including antitrust, class action, insurance disputes, transnational, copyright and trademark, and art and fashion. Prior to joining RCF, Mr. Friedland's class action experience included defending Barclays PLC in *In re: LIBOR-Based Financial Instruments Antitrust Litigation*, MDL 2262 (S.D.N.Y), *Sullivan v. Barclays PLC*, No. 13-cv-02811

(S.D.N.Y.) (Euribor), and *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (S.D.N.Y.) (Yen LIBOR/Euroyen TIBOR). In addition, he participated as class counsel in the following cases:

1. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, No. 18-7010 (D.D.C.) (represented commercial shippers in a price-fixing class action that was certified (*subsequently reversed on appeal*) against major railroads);

2. *In re Processed Egg Products Antitrust Litigation*, No. 2:08-md-02002-GP (E.D. Pa.) (represented direct action plaintiffs in a price-fixing class action that was certified against egg producers); and

3. *In re: Polyurethane Foam Antitrust Litigation*, No. 1:10-md-02196 (N.D. Ohio) (represented direct purchasers of flexible polyurethane foam in a price-fixing class action that was certified).

### E. RCF HAS EXTENSIVE TRIAL EXPERIENCE

RCF can adequately provide trial support and expertise to Ms. Ngo in this action. RCF's legal team has extensive trial experience in both civil and/or criminal cases, including, but not limited to, those detailed below. (*See* Ex. 1).

Ms. Eskovitz, who resides in Los Angeles and is a member of the California Bar, is an accomplished trial and appellate lawyer who has spent over two decades successfully trying civil and criminal cases to judges, juries, and arbitrators across the country, as well as arguing before federal appellate courts. Ms. Eskovitz is currently lead counsel in a lawsuit in United States District Court for the Eastern District of California seeking a billion dollars from the government for the largest destruction of hemp crops in U.S. history. Before joining RCF, Ms. Eskovitz was a litigation partner at Boies Schiller Flexner and an Assistant United States Attorney for the Eastern District of New York. She has a broad practice that has included the representation of plaintiffs and defendants in significant class actions, including the successful representation of plaintiffs against two major auction houses in a multi-million-dollar lawsuit for price-fixing, and the representation of a major credit card network in a

multidistrict litigation raising antitrust challenges. She also has extensive experience handling white collar criminal defense, intellectual property, contract, securities, copyright, computer crimes, and First Amendment matters. Before becoming a federal prosecutor, Ms. Eskovitz served as a trial attorney in the U.S. Department of Justice's Federal Programs Branch. There, she handled constitutional challenges to federal laws, including trial and appellate work across the country.

Edward "Ted" Normand, another founding partner of RCF and one of RCF's two Co-Chairs, has successfully litigated numerous complex and high-profile commercial disputes. Mr. Normand has represented both plaintiffs and defendants in federal and state courts, at both the trial and appellate levels, and in several arbitrations. He has served as trial counsel in litigation concerning unfair competition and copyright claims relating to the Linux and UNIX operating systems, concerning claims for breach of fiduciary duty in chancery court, and concerning insurance coverage arising out of the destruction of the World Trade Center.

Devin "Velvel" Freedman, another founding partner of RCF and the other Co-Chair, is an experienced litigator with a focus on high-risk litigation that includes consumer and securities class actions, international disputes, and cryptocurrency/ blockchain lawsuits. Mr. Freedman represented the heirs of a Holocaust survivor seeking to recover a Camille Pissarro masterpiece held by a Spanish-owned museum in one of the only Holocaust era cases to go to trial. Mr. Freedman has also successfully pursued numerous appeals in state and federal courts, including, as lead counsel, performing oral argument to win a matter of first impression before the Eleventh Circuit Court of Appeals.

**F.  NO PREVIOUS FINDING OF INADEQUATE REPRESENTATION**

Neither RCF nor its attorneys have been found inadequate to represent a class or otherwise not granted a request to be appointed lead or class counsel.

**G. NO HISTORY OF WRITTEN INQUIRIES**

There is no case in which a written inquiry was made into the conduct or ethics of RCF or any attorney at RCF.

### H. NO HISTORY OF ADMONISHMENTS OR SANCTIONS

Neither RCF nor its attorneys have ever been admonished or sanctioned.

### I. NO HISTORY OF CRIMINAL CONVICTIONS

There is no case in which RCF or its attorneys have been convicted of a crime.

### J. NO ALTERNATIVE REPRESENTATION OR RELATIONSHIP WITH PLAINTIFFS

No Plaintiffs in this case have been previously, or are currently, represented by or otherwise have a relationship with RCF nor any attorney at RCF outside of this case.

### K. NO AGREEMENTS RELATED TO THIS ACTION

There are no agreements relating to this action involving RCF or its attorneys.

### L. UPDATED PROPOSAL FOR ATTORNEY'S FEES AND NONTAXABLE COSTS

Ms. Ngo has updated the proposal for terms for Attorney's Fees and Nontaxable Costs, attached as Exhibit 2. RCF has reviewed and approved the updated proposal. Further, since Ms. Eskovitz resides in Los Angeles, California, RCF will save costs for travel and lodging related to court appearances, counsel meetings, depositions, etc. taking place in the Court's district.

### M. NO LIENS

Neither RCF nor its attorneys have any outstanding liens against firm assets, other than consensual liens for mortgages and/or automobiles.

### N. ADEQUATE RESOURCES

RCF has the financial resources and personnel required to fund this litigation. RCF is committed to providing Ms. Ngo the full resources of RCF to support this case, including hiring more staff if necessary. In addition to Ms. Ngo's knowledge and experience, Ms. Ngo intends to rely upon that of RCF as detailed above. Further, Ms. Eskovitz is prepared to and welcomes the opportunity to try this matter with Ms. Ngo should it go to trial.

Through their experiences, Ms. Ngo and the attorneys at RCF know how to conduct efficient, cost-effective litigation geared towards the best possible outcome for the class. Ms. Ngo has demonstrated her philosophy of cooperation and inclusion in her work with co-counsel and professional and effective communication with defense counsel. Ms. Ngo's ability to draw from her own experiences and that of RCF qualifies her as an adequate advocate for the punitive class and will enable her to streamline this litigation and save significant expense for all parties through cost-sharing and reduced duplication of effort. Ms. Ngo and RCF will take all necessary steps to efficiently handle this case.

## IV.   CONCLUSION

Ms. Eskovitz, on behalf of RCF, respectfully requests the Court find Ms. Ngo is adequate to continue as interim co-lead counsel for the punitive class and RCF can adequately provide support and skills to the prosecution of this action.

Dated: July 1, 2020

/s/ Katherine Eskovitz
Katherine Eskovitz (SBN 255105)
keskovitz@rcfllp.com
Ivy T. Ngo (SBN 249860)
ingo@rcfllp.com
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York NY 10016
Telephone: (646) 350-0527
Facsimile: (646) 392-8842

*Interim Co-Lead Counsel for Plaintiffs and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this case.

*/s/ Katherine Eskovitz*
Katherine Eskovitz